UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INA DELAROSA, an individual,

     Plaintiff,

vs.                                                          Civ:

SANWA GROWERS, INC., a Florida
corporation,

     Defendants.

_____/

## COMPLAINT

Plaintiff, INA DELAROSA, an individual (hereinafter "Plaintiff"), by and through his

undersigned attorney hereby files this Complaint against SANWA GROWERS, INC., (hereinafter

"Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this court is invoked pursuant to Title 42 of the United States Codes, Section

     2000e, et seq. (known as Title VII of the Civil Rights Act of 1964 as amended or "Title

     VII,") and Title 28 of the United States Codes, Section 1331.

2.     This Court's pendant jurisdiction is also invoked pursuant to Title 28 of the United States

     Codes, Section 1367.

3.     The unlawful employment practices alleged herein were committed in whole or in part in

     the Middle District of Florida.

### PARTIES

4.     Plaintiff is an individual who resides in Hillsborough County, Florida.

Page **1** of **6**

5.  Defendant is a Florida corporation with its principal place of business in Hillsborough County, Florida.

6.  Plaintiff was employed as a Business Cashier by the Defendant from December 20, 2019 until her termination on February 19, 2019.

7.  At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. 2000 et seq.

8.  At all times relevant herein, Defendant was an "employer" of Plaintiff within the meaning of 42 U.S.C. 2000 et seq.

9.  Plaintiff has been obliged to retain the undersigned law firm and become obligated for the payment of reasonable fees and costs in this matter.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has satisfied the procedural requirements prior to commencing this action including the initial filing of charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), the receipt from the EEOC of a Right to Sue Letter for charge # 511-2020--2939.   The Right to Sue letter is attached hereto as Exhibit "A" and incorporated herein by this reference.

## COUNT I – VIOLATION OF TITLE VII - TANGIBLE EMPLOYMENT ACTION

11. The Plaintiff realleges paragraphs one through ten above as if fully stated herein.

12. Plaintiff was employed by Defendant as a Business Cashier.

13. Upon information and belief, Paul Paoletto is or was the Store Manager of Defendant.

14. As the Store Manager, Paul Paoletto had the ability to hire, fire, discipline, demote and grant raises for Defendant.

15.    As the Store Manager, Paul Paoletto had the ability to make personnel decisions regarding Plaintiff's employment.

16.    Jamie Asher is employed by Defendant and also had the ability to make personnel decisions regarding Plaintiff's employment.

17.    Yasmin Alvarez is employed by Defendant and also had the ability to make personnel decisions regarding Plaintiff's employment.

18.    On January 27, 2020, Plaintiff informed Paul Paoletto, Jamie Asher and Yasmin Alvarez the fact that Plaintiff was pregnant and that her doctor advised her not to do any heavy lifting.

19.    At that time, Paul Paoletto requested Plaintiff to produce a note from her doctor stating that Plaintiff was indeed pregnant.

20.    Plaintiff agreed to this and produced the note the following business day.

21.    This arrangement worked well for several weeks and Plaintiff was not required to do any heavy lifting.

22.    As a Business Cashier, Plaintiff was not required to do any heavy lifting.

23.    Beginning on February 17, 2020, Ms. Alvarez began harass Plaintiff by requiring her to "pull orders," which required Plaintiff to go into the back of the store and carry heavy boxes of produce to the front for customers.

24.    On February 19, 2020, when Plaintiff showed up for work, it was apparent that Ms. Alvarez had a negative attitude towards Plaintiff and called lunch only three hours after Plaintiff began working.

25.    Prior to lunch, Paul Paoletto and Jaime Asher called Plaintiff into their office and stated, "You're still in your 90 day period and we don't think you're a good fit for the job."

26.    Plaintiff reported to the Human Resources department in order to find out why she was being terminated, however, Human Resources wouldn't disclose any reasoning on why she was fired. In fact, they told Plaintiff that she had been doing an excellent job and that she was a great fit for the company.

27.    When Mr. Paoletto requested Plaintiff to get a doctors not prohibiting her from heavy lifting, it was an attempt to set her up to get fired.

28.    Plaintiff's pregnancy was placed at issue when her supervisors required Plaintiff to acquire a doctor's note, then fired her after she was required to do heacy lifting anyways.

29.    Plaintiff refused to resign.

30.    On February 19, 2020, Plaintiff was terminated, verbally, by Defendant. No reason was given.

WHEREFORE, INA DELAROSA, an individual, demands judgment against Defendant, SANWA GROWERS, INC., a Florida corporation as follows:

a.    Enter judgment that Defendant unlawfully discriminated against Plaintiff in violation of Title VII.

b.    Enter judgment that Defendant's termination of Plaintiff constitutes a violation of Title VII.

c.    Issue an injunction requiring Defendant to reinstate Plaintiff to her former position, or to grant front pay if reinstatement is impractical or denied.

d.  Award Plaintiff her lost wages, value of lost benefits, bonuses and other monetary

losses caused by Defendant's unlawful termination of Plaintiff's employment.

e.  Award Plaintiff reasonable costs and legal fees in this action.

f.  Award such other relief as this court deems just and proper.

## COUNT II – VIOLATION OF TITLE VII – HOSTILE WORK EMPLOYMENT

31.   The Plaintiff realleges paragraphs one through thirty above as if fully stated herein.

32.   Yasmin Alvarez, the primary supervisor of Plaintiff, subjected Plaintiff to unwelcome harassment which was based upon Plaintiff's pregnancy.

33.   The harassment was unwelcome.

34.   The unwelcome conduct of Yasmin Alvarez was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment or create an intimidating, hostile or offensive work environment.

35.   Plaintiff complained of Yasmin Alvarez's intimidating and hostile behavior to Human Resources.

36.   Defendant knew or should have known of the harassment and failed to take prompt and remedial measures to stop it.

37.   Plaintiff suffered damages as a result.

WHEREFORE, INA DELAROSA, an individual, demands judgment against Defendant, SANWA GROWERS, INC., a Florida corporation as follows:

a.  Enter judgment that Defendant unlawfully discriminated against Plaintiff in violation of Title VII.

Page **5** of **6**

b.  Enter judgment that Defendant's termination of Plaintiff constitutes a violation of Title VII.

c.  Issue an injunction requiring Defendant to reinstate Plaintiff to her former position, or to grant front pay if reinstatement is impractical or denied.

d.  Award Plaintiff her lost wages, value of lost benefits, bonuses and other monetary losses caused by Defendant's unlawful termination of Plaintiff's employment.

e.  Award Plaintiff reasonable costs and legal fees in this action.

f.  Award such other relief as this court deems just and proper.

## RESERVATION TO SEEK LEAVE TO CLAIM PUNITIVE DAMAGES

Plaintiff hereby reserves the right to seek leave to amend his Complaint to assert a claim for punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


JONES LAW GROUP

By:____/s/Heath C. Murphy____
ROBERT S. JONES, II, ESQ.
FBN: 725196
HEATH C. MURPHY
FBN: 85164
VALERIE F. GATLIN, ESQ.
FBN: 1025300
5622 Central Avenue
St. Petersburg, Florida 33707
Phone No.: (727) 571-1333
Fax No.:      (727) 573-1321
E-mail: distribution@JLGtampabay.com
*Attorneys for Plaintiff*

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To:  Ina Delarosa<br>2115 West Clifton Street<br>Tampa, FL 33603 | From:  Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2020-02939 | Darren Sampson,<br>Enforcement Intern | (813) 202-7913 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Evangeline Hawthorne*                                   11/30/2020

Evangeline Hawthorne,                                      (Date Mailed)
Director

Enclosures(s)

| cc:  Tony  Connie Leung<br>VP<br>SANWA GROWERS, INC.<br>2801 E. Hillsborough Ave<br>Tampa, FL 33610 | Heath C. Murphy, Esq.<br>JONES LAW GROUP<br>5622 Central Avenue<br>St Petersburg, FL 33707 |
|---|---|



EXHIBIT "A"

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within</u>
<u>90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review** request <u>within 6 months</u> **of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*